Patricia Rodriguez, Esq. (SBN 270639)
Rodriguez Law Group
1961 Huntington Dr., Suite 201
Alhambra, California 91801
Tel:  626-888-5206
Fax:  626-282-0522
Email: prod@attorneyprod.com

Attorneys for Plaintiffs
ROBERT PATRICK BARBERIE
and JACQUE MONAGHAN BARBERIE

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT PATRICK BARBERIE, an individual, and JACQUE MONAGHAN BARBERIE, and individual<br><br>Plaintiffs,<br><br>vs.<br><br>INDYMAC BANK FSB a/k/a ONE WEST BANK; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; HSBC BANK USA, NA; and DOES 1 through 10, inclusive,<br><br>Defendant(s) | CASE NO. 14-cv-00882 GAF (MANx)<br><br>**OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFFS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Courtroom:** 740<br>**Judge:** Hon. Gary A. Feess<br>**Hearing Date:** April 21, 2014<br>**Time of Hearing:** 09:30 AM |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs, ROBERT PATRICK BARBERIE and JACQUE MONAGHAN BARBERIE (Hereinafter "Plaintiffs") hereby responds and opposes Defendant's Motion to Dismiss.

This response and opposition is made on the grounds that Plaintiffs has sufficiently pleaded facts setting forth the claims alleged.  This response and opposition is based on all pleadings submitted

1

**OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFFS COMPLAINT**

1  in this matter, this Opposition, the Memorandum of Points and Authorities herein, and any other
2  supplemental material, including oral arguments, submitted by Plaintiffs and received by this Court.

3
   Dated: March 28, 2014                RODRIGUEZ LAW GROUP, INC
4

5

6                                       By:    /s/ Patricia Rodriguez
                                               Patricia Rodriguez, Esq.
7                                              Attorney for Plaintiffs
                                               Robert Patrick Barberie
8                                              Jacque Monaghan Barberie

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFFS COMPLAINT**

# **TABLE OF CONTENTS**

I. FACTUAL ALLEGATIONS…………………………………………….........1

II. STANDARD OF REVIEW……………………..………………………….……......1

    A. RULE 12(B)(6) MOTIONS ARE DISFAVORED MOTIONS AND UNLESS NO FORM OF LEGAL REMEDY IS AVAILABLE UPON THE FACTS ALLEGED, THE MOTION MUST BE DENIED……………………………………………………………..…1

III. ARGUMENT........................................................................................................2

    A. PLAINTIFFS COMPLAINT ALLEGES FACTS SUFFICIENT TO SHOW THAT EQUITABLE TOLLING APPLIES TO ANY TIME BARRED CLAIM…………………………………………………..…..2

    B. PLAINTIFFS CLAIMS ARE PLED WITH SUFFICIENT PARTICULARITY……………………………………………………....…3

        1. Plantiff has pled with sufficient particularity under Rule 8(a)……..….3

    C. PLAINTIFFS HAS A VALID CLAIM FOR VIOLATIONS OF 15 U.S.C. SECTION 1641(G)……………………………………………………………….5

        1. Plaintiffs 15 U.S.C. Section 1641(g) is Valid as a Matter of Law…….5

    D. PLAINTIFFS HAVE SUFFICIENTLY STATED FACTS TO CONSTITUTE A CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200………....6

        1. Plaintiffs Alleges an Injury In Fact …………………................................7

IV. CONCLUSION…………………………..……………………………………….......7

# **TABLE OF AUTHORITIES**

**CASES** PAGE(s)

*Altman v. PNC Mortg.*
    2012 U.S. Dist. LEXIS 6460, 57-58 (E.D. Cal. Jan. 19, 2012) ……………………1, 2

*Balistreri v. Pacifica Police Dept.*
    901 F.2d 696, 699 (9th Cir. 1990) ……………………………………………….2

*Braden v. Wal-Mart Stores, Inc.*
    588 F3d 585, 595 (8th Cir. 2009) ………………………………………………..2

*Broam v. Bogan*
    320 F3d 1023, 1028 (9th Cir. 2003) …………………………………………..…1

*Charles H. Wesley Education Foundation, Inc. v. Cox*
    408 F.3d 1349, 1352 (11th Cir. 2005) ……………………………...………..….4

*Conley v. Gibson*
    355 US 41, 45 (1957) ……………………………………………………………2

*De La Cruz v. Tormey*
    582 F.2d 45, 48 (9th Cir. 1978) ……………………….…………………………2

*Hearn v. RJ Reynolds Tobacco Co.*
    279 F. Supp.2d 1096, 1101 (D AZ 2003) ………………………………………..2

*Lormand v. US Unwired, Inc.*
    565 F3d 228, 232 (5th Cir.2009) ……………………………………..…….….1

*McKell v. Washington Mutual, Inc.*
    (2006) 142 Cal.App.4th 1457……………………………………………………...6

*Plascencia v. Lending 1st Mortg.*
    583 F. Supp. 2d 1090, 1097 (N.D. Cal. 2008) ………………………………....…2

*Rescuecom Corp. v. Google Inc.*
    562 F3d 123, 127 (2nd Cir. 2009) …………………………………….…………1

*Russell v. Mortgage Solutions Mgmt., Inc.*
    No. 2010 WL 3945117, at 6–7 …………………………………………….….5

*Santa Maria v. Pacific Bell*
    202 F.3d 1170, 1178 (9th Cir. 2000) …………………………………..…………2

*Scheuer v. Rhodes*
    416 U.S. 232, 236 (1974) ………………………………………………………..4

*Stoll v. Runyon*
    165 F.3d 1238, 1242 (9th Cir.1999) ……………………………………....……2

**OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

*Swierkiewicz v. Sorema NA*
    534 U.S. 506, 512 (2002) ……………………………………………..……….4

*Vogan v. Wells Fargo Bank, N.A.,*
    *2011 U.S. Dist. LEXIS 132944 (E.D.Cal. Nov. 16, 2011)*……………………………………5

*Yang v. Home Loan Funding, Inc.*
    2010 U.S. Dist. LEXIS 21837 *15 (E.D. Cal. Feb. 18, 2010) ………………………2

**STATE STATUTES**

Business and Professions Code § 17200………………………………………....................2, 6, 7

Business and Professions Code §17204……………………………………………………….7

Business and Professions Code § 17500…………………………………………....................2, 6, 7

Federal Rules of Civil Procedure 8(a) …………………………………………………...3, 4

**OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     FACTUAL ALLEGATIONS

On October 3, 2006, Plaintiffs executed a no-negotiable promissory note and a security interest in the form of a Deed of Trust in the amount of $998,000.00.. The alleged original lender for this loan was Indymac Bank FSB a/k/a OneWest Bank (hereinafter "INDY"). The alleged original Trustee under the Deed of Trust was Fidelity National Title Insurance Company. The alleged original beneficiary and nominee under the Deed of Trust was MERS.

The loan was a thirty (30) year adjustable rate loan through INDY, with an interest rate of 6.375% (See FAC EXHIBIT "A"- Adjustable Rate Note).

Plaintiffs had sought the assistance of the loan servicer, INDY, to resolve their gross mortgage payments and obtain a payment that they could actually afford. However, INDY refused to offer any financial relief to the Plaintiffs by modification of the loan or any other default resolution. Plaintiffs allege that such refusal by INDY to offer any default resolution was not only done in bad faith and denial of contractual benefits but against California Civil Code of Procedure.

## II.    STANDARD OF REVIEW

### A.   RULE 12(B)(6) MOTIONS ARE DISFAVORED MOTIONS AND UNLESS NO FORM OF LEGAL REMEDY IS AVAILABLE UPON THE FACTS ALLEGED, THE MOTION MUST BE DENIED

Motions brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure viewed with disfavor and rarely granted in light of the lesser role pleadings play in federal practice and the liberal policy regarding amendment. See *Lormand v. US Unwired, Inc.*, 565 F3d 228, 232 (5th Cir.2009); also, *Broam v. Bogan*, 320 F3d 1023, 1028 (9th Cir. 2003).

On a motion to dismiss under Rule 12(b)(6), the court must "accept as true all of the factual allegations set out in plaintiffs complaint, draw inferences from those allegations in the light most favorable to Plaintiffs, and construe the complaint liberally. *Rescuecom Corp. v. Google Inc.*, 562 F3d 123, 127 (2nd Cir. 2009); see also *Scott v. Ambani*, 577 F3d 642, 646 (6th Cir. 2009). All reasonable inferences from the facts alleged are drawn in Plaintiffs favor in determining whether the complaint states a valid claim. *Braden v. Wal-Mart Stores, Inc.*, 588 F3d 585, 595 (8th Cir. 2009).

The court must decide whether the facts alleged, if true, would entitle Plaintiffs to some form of legal remedy. Unless the answer is unequivocally "no," the motion must be denied. *Conley v. Gibson*,

355 US 41, 45 (1957); *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). Thus, a Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept..* 901 F.2d 696, 699 (9th Cir. 1990). "A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim"; *Hearn v. RJ Reynolds Tobacco Co.*, 279 F. Supp.2d 1096, 1101 (D AZ 2003).

### III.   ARGUMENT

#### A.   PLAINTIFFS COMPLAINT ALLEGES FACTS SUFFICIENT TO SHOW THAT EQUITABLE TOLLING APPLIES TO ANY TIME BARRED CLAIMS.

Defendants maintain that that Plaintiffs action is time-barred—this is not true in this case. "If a reasonable Plaintiffs would not have known of the existence of a possible claim…then equitable tolling will serve to extend the statute of limitations…until the Plaintiffs can gather what information he needs." *Stoll v. Runyon,* 165 F.3d 1238, 1242 (9th Cir.1999). Plaintiffs did not learn of the Fraudulent Business acts until they were already facing foreclosure and retained legal representation.

The court has held that equitable tolling applies when, "despite all due diligence, a Plaintiffs are unable to obtain vital information bearing on the existence of his claim." *Altman v. PNC Mortg.*, 2012 U.S. Dist. LEXIS 6460, 57-58 (E.D. Cal. Jan. 19, 2012) (citing *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). The court further explained, "[i]f a reasonable Plaintiffs would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing until the Plaintiffs can gather what information they needs. Santa Maria, 202 F.3d at 1178 (citation omitted). "The issue of equitable tolling must be considered when 'the complaint, liberally construed in light of our "notice pleading" system, adequately alleges facts showing the *potential* applicability of the equitable tolling doctrine." *Yang v. Home Loan Funding, Inc.*, 2010 U.S. Dist. LEXIS 21837 *15 (E.D. Cal. Feb. 18, 2010) (citing *Plascencia v. Lending 1st Mortg.*, 583 F. Supp. 2d 1090, 1097 (N.D. Cal. 2008)) (emphasis added).

Plaintiffs allege that Defendants, collectively, engaged in fraudulent activity in the processing and handling of their loan such that they were confused and uncertain as to whom the owner of the Note is, and who is able to enforce it.    Plaintiffs were simply not in a position to discover the many facets in which Defendants engaged in fraud and were unaware of the claims that may be brought against them.  When considering Plaintiffs entire complaint and allegations, it is apparent that Plaintiffs have alleged facts sufficient to show equitable tolling is applicable. This Court should apply equitable

**OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFFS COMPLAINT**

tolling to any time barred claims until the time Plaintiffs learned of Defendants' violation.

Plaintiffs did not and could not have specific knowledge of any allegations alleged in their Complaint until the time they retained legal representation. As a result, Plaintiffs claims for Fraud should be equitably tolled from the moment they learned about the acts by Defendants. The Plaintiffs first awareness of any causes of action was when they retained counsel a few months prior to filing suit. As a result the statute of limitations should be tolled until Plaintiffs realized the cause of action existed. Therefore the Plaintiffs are well within the three-year statute of limitations. Plaintiffs are also well within the four year statute of limitations for the violation of Business & Professions Code § 17200 & 17500, based on the same above-mentioned rationale, that Plaintiff did not in fact discover any causes of action until consulting counsel and realizing that the acts of Defendant were actionable.

### B.     PLAINTIFFS CLAIMS ARE PLED WITH SUFFICIENT PARTICULARITY

#### 1.     Plaintiffs has pled with sufficient particularity under Rule 8(a)

The liberal pleading standard of the Federal Rules of Civil Procedure require only that the Plaintiffs give notice to the defendant of the claims to be raised and their factual basis. See Fed. R. Civ. P. 8(a); *Charles H. Wesley Education Foundation, Inc. v. Cox*, 408 F.3d 1349, 1352 (11th Cir. 2005) (citing *United States v. Baxter Intern, Inc.*, 345 F.3d 866, 881 (11th Cir. 2001)) (stating that a complaint need only contain a statement calculated to give the defendant(s) fair notice of the nature of plaintiff's claim is and the grounds upon which it rests).

The Supreme Court has refused to require a heightened standard of pleading in the absence of a statutory or regulatory provision. See *Swierkiewicz v. Sorema NA*, 534 U.S. 506, 512 (2002) (holding that courts may only impose heightened pleading requirements in accordance with the Federal Rules of Civil Procedure or a federal statute). In that case, the Court rejected the defendants' argument for a heightened pleading standard in claims arising under Title VII and the Age Discrimination in Employment Act. Id. at 508. The Court rejected a requirement of greater particularity in civil rights cases, as that would "too narrowly constrict[t] the role of the pleadings." Id. at 511 (internal citation omitted); see also *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("When a federal court reviews the sufficiency of a complaint, before the reception of any other evidence ... its task is necessarily a limited

3

**OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFFS COMPLAINT**

one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.").

At this stage of litigation, before any discovery has taken place, the complaint is sufficiently particularized and specific to meet the Plaintiffs obligations under Fed. R. Civ. P. Rule 8(a). See *Scheuer*, 416 U.S. at 236 (reminding that evaluating the sufficiency of a complaint involves "whether the claimant is entitled to offer evidence to support the claims"). Rule 8(a) requires simply that the complaint contain a "short and plain statement of the grounds" for the court's jurisdiction, a "short and plain statement of the claim showing that the pleader is entitled to relief," and a request for relief. Fed. R. Civ. P. 8(a). The repetition of the phrase "short and plain" emphasizes the simplicity of notice pleading. See id.

Specifically, Plaintiffs alleged, that HSBC BANK USA, NA as Trustee for the BCAP LLC TRUST 2006-AA2 assigned the loan by Mortgage Electronic Registration Systems, Inc, that, §131(g) of TILA applies to U.S. Bank as the purported alleged assignee of Plaintiffs note, and that HSBC BANK USA NA failed to notify Plaintiffs within thirty (30) days after the date on which it was allegedly assigned the Deed of Trust. This is sufficient to meet the liberal notice pleading standards of Rule 8(a) as it gives Defendant fair notice of the nature of Plaintiffs claim.

C. **PLAINTIFFS HAS A VALID CLAIM FOR VIOLATIONS OF 15 U.S.C. SECTION 1641(G).**

1. **Plaintiffs 15 U.S.C. Section 1641(g) is Valid as a Matter of Law.**

TILA applies to HSBC Bank USA NA, as a trustee for a mortgage backed security. HSBC Bank USA NA cannot both attain ownership of the Home, thereby claiming a beneficial interest in the note securing Plaintiffs loan, while simultaneously claiming that it is not a creditor subject to TILA's provisions. *Vogan v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 132944 (E.D. Cal. Nov. 16, 2011)*

A 1641(g) claimant may recover actual damages, statutory damages, and attorneys' fees and that they appropriately pleaded all three types of damages. 15 U.S.C. §1640(a) authorizes claims for actual damages, statutory damages, and attorney's fees for violations of 15 U.S.C. §1641(g). *Russell v.*

4

**OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFFS COMPLAINT**

*Mortgage Solutions Mgmt., Inc.,* No. 2010 WL 3945117, at 6–7 (acknowledging all three types of damages are authorized by §1640 against original creditor's assignee).

In this case, Plaintiffs clearly and sufficiently alleges actual damages in their complaint. Had Plaintiffs been informed in a timely manner of the assignment of the Deed of Trust, they would have had ample time to seek different avenues to protect their real property interest. The Defendants violation of 15 U.S.C. §1641(g) subjects them to statutory damages, civil liability, penalties, attorneys' fees and actual damages pursuant to 15 U.S.C. §1640. The actual damages include, but are not limited to the over calculation and overpayment of interest on Plaintiffs loan and the substantial sum of money they had to pay in order to defend against a fraudulent foreclosure on her home.

### D. PLAINTIFFS HAVE SUFFICIENTLY STATED FACTS TO CONSTITUTE A CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200.

As Business and Professions Code § 17200 provides, a Plaintiffs must have proper standing to bring a claim for unfair and deceptive business practices. Plaintiffs submit he has met this burden. In his Adversary Complaint, Plaintiffs states with great detail the processes that the Defendants used to perpetuate various fraudulent activities in connection with Plaintiffs mortgage note. It is precisely because of Defendants' fraudulent business practices that Plaintiffs suffered injuries in the form of losing money paying on the loan that was grossly misrepresented and the ruination of his credit and the forced legal action taken up in an effort to battle the unlawful foreclosure of his home.

First, Defendants engaged in deceptive business practices as defined in *Bus. & Prof. Code* §17500, by marketing and funding predatory loans that obligated Plaintiffs to make payments well beyond what they could afford. Second, Defendants failed to comply with California Law (*Civ. Code* §2923.5, et seq) and public policy, for the purpose of profiting from Plaintiffs loan and expected default. Third, Defendants recommended, offered, marketed and/or collected on a debt that they each knew or should have known was void due to the illegal nature of the contract that would inevitably cause default before completion of the loan term.

Furthermore, when Defendants had an opportunity to mitigate the adverse consequences of this illegal contract, they did nothing to relieve Plaintiffs of the drastic consequences of the loan, in spite of the void nature of the contract and did nothing to remedy a contract that was unconscionable and unenforceable. The acts were also oppressive and substantially injurious to consumers, such as the Plaintiffs, in that they were committed with the intent and/or knowledge that the commission of the acts

5

**OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFFS COMPLAINT**

would result in the certain default of the subject loan and possible forfeiture of the Plaintiffs home and equity.  This act constitutes additional deceptive fraudulent business practices, in that it was based on the furtherance of the illegal acts of Defendants at the time of origination by enforcing an unconscionable and void contract.

All of the aforementioned acts constitute independent violations of the law completed as practices of the business of Defendants and, in turn, are violations of the UCA.  See *McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457.  As a result, Defendants' Motion to Dismiss must be overruled in its entirety.

### 1. Plaintiffs Alleges an Injury In Fact.

A private person has standing to assert a §17200 claim.  *Bus. & Prof. Code* §17204.  Plaintiffs specifically allege they have suffered by both struggling to avoid becoming delinquent on their mortgage, the stress of dealing with multiple non-responsive entities and the loss in money based on the fact that Plaintiffs were denied a reasonable loan modification by Defendants in the past.  The difference in the amount of monies Plaintiffs would have paid had they acquired a good faith modification and the money they have paid to avoid delinquency is a clear injury in fact as this is clear evidence of a loss of money stemming from Defendants' unlawful business practices.

Furthermore, Plaintiffs allege that Defendants participated in a fraudulent scheme that was substantially injurious to the Plaintiffs in that they knew that these acts would result in certain incurable default of the subject loan and the forfeiture of Plaintiffs home and equity.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests the Court deny the Defendant's Motion to Dismiss in its entirety and allow Plaintiffs to pursue her claims on the merits.

Alternatively, Plaintiffs requests that the Court grant leave to amend the Complaint to cure any alleged pleading insufficiencies.

Dated: March 28, 2014                    RODRIGUEZ LAW GROUP

By:    /s/ Patricia Rodriguez
       Patricia Rodriguez, Esq.
       Attorney for Plaintiffs
       Robert Patrick Barberie
       Jacque Monaghan Barberie

6
**OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFFS COMPLAINT**

# CERTIFICATE OF SERVICE

I hereby certify that I am over the age of 18 and not a party to the above action. My business address is 1961 Huntington Dr., Suite 201, Pasadena, CA 91801.

I hereby certify that on this 28th day of March, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner to those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Kristina M. Pelletier
Wright Finlay and Zak LLP
4665 MacArthur Court Suite 200
Newport Beach, CA 92660
949-477-5050
Fax: 949-608-9142
Email: kpelletier@wrightlegal.net


         /s/ Patricia Rodriguez_____
          Patricia Rodriguez, Esq.

1

**OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**